RECEIVED
IN LAKE CHARLES, LA.

AUG ~ 3 2015

TONY R. MOORE, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRUCE JACOB FIX, ET AL., | * | CIVIL ACTION NO. 2:15-cv-297 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| NOVA CASUALTY CO., ET AL., | * | |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |
| | * | |

**********************************************************************

## MEMORANDUM ORDER

Before the court is Allstate Insurance Company's ("Allstate") Appeal of the Magistrate Judge's Grant of the Plaintiffs' Motion to Remand [Doc. 20], to which the plaintiffs have filed a Response [Doc. 22]. For the following reasons, the Magistrate Judge's Memorandum Ruling [Doc. 19] be and hereby is **AFFIRMED.**

Rule 72(a) dictates that a district judge must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. PRO. 72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir.2007) (citation omitted). Rule 72(b)(3) states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. PRO. 72(b)(3).

Although the law is, perhaps, unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. §

636(b)(1)(A) and Fed.R.Civ.P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96–1192, 1996 WL 888182, at *2–4 (W.D.La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F.Supp. 1156, 1162 (S.D.Tex.1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99–0367, 1999 WL 496488, at *1 (E.D.La. July 13, 1999).  The Fifth Circuit has also implicitly sanctioned the authority of a magistrate judge to consider and issue a remand order in a recent decision.  Although the authority of the magistrate judge was not challenged, the Fifth Circuit affirmed an order remanding certain actions without objecting to the magistrate judge's actions. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 382–83 (5th Cir. 2009). Accordingly, a motion to remand is a non-dispositive matter, and this Court will apply a deferential standard of review.

The removing party bears the burden of establishing the propriety of removal when faced with a motion to remand. *Joiner v. McLane Co., Inc.*, No. 08 CV 130, 2008 WL 1733655, at *1 (W.D. La. Apr. 14, 2008).  28 U.S.C. § 1446 provides that a case may not be removed on the basis of diversity more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1) (2015).  This is a codification of the principle set forth by the Fifth Circuit Court of Appeals in *Tedford v. Warner-Lambert Co.*, and is sometimes referred to as the *Tedford* exception. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-28 (5th Cir. 2003).  Subsequent cases have noted that the plaintiff in *Tedford* engaged in "manipulative and seemingly fraudulent" maneuvers to run the one-year limitations period. *See, e.g., William v. Nat'l Heritage Realty*, 489 F.Supp.2d 595, 596 (N.D. Miss. 2007).  The court is not required to "engage in speculation to interpret the cause of the plaintiff's conduct." *Foster v. Landon*, No. Civ.A. 04-2645, 2004 WL 2496216, at *3 (E.D. La. Nov. 4, 2004).

2

The Magistrate Judge found that the *Tedford* exception was inapplicable to these facts. The judge reasoned that there was no evidence that a compromise had been reached within one year of the commencement of the action, and that even if Allstate had been made a party earlier in the proceedings, it still would not have had the opportunity to remove because a compromise was not reached within a year of the suit being filed.  Mem. Ruling [Doc. 19], at 5-6.  The Magistrate Judge's holding that the *Tedford* exception did not apply was not clearly erroneous.

Accordingly,

**IT IS ORDERED** that Allstate's Motion for Appeal [Doc. 20] be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be and hereby is **REMANDED.**

Lake Charles, Louisiana, this 30 day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE